IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREW PAUL ROSHONE,

    Plaintiff,

v.

2:13-CV-854-PK

OPINION AND ORDER

COLETTE PETERS, SRCI DENTAL, MARK NOOTH, and JOHN DOE,

    Defendants.

---

PAPAK, Magistrate Judge:

    Plaintiff *pro se* Andrew Paul Roshone filed this action *in forma pauperis* against defendants Colette Peters, SRCI Dental, and Mark Nooth (collectively, "defendants"), as well as fictitiously-named defendant John Doe, on May 20, 2013. In three separate claims, Roshone alleges defendants' liability under 42 U.S.C. § 1983 for the violation of his Eighth Amendment rights in connection with defendants' refusal to provide him with toothpaste free of charge, for

Page 1 - OPINION AND ORDER

defendants' six-month delay in providing him with necessary dental care, and for defendants' provision to him of baking soda in lieu of toothpaste.[1] This court has federal-question jurisdiction over Roshone's claims pursuant to 28 U.S.C. § 1331.

Now before the court is defendants' motion (#49) for summary judgment. I have considered the motion and all of the papers and pleadings on file. For the reasons set forth below, Roshone's first and third Eighth Amendment claims (respectively premised on defendants' failure to provide him with toothpaste free of charge and provision to him of baking soda for personal-hygiene purposes) are dismissed *sua sponte* in their entirety for failure to state a claim, defendants' motion is consequently denied as moot to the extent it addresses Roshone's first and third claims for relief, and defendants' motion is granted as to Roshone's second claim for relief (premised on delay in the provision of dental care).

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party taking the position that a material fact either "cannot be or is genuinely disputed" must support that position either by citation to specific evidence of record "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," by showing that the evidence of record does not establish either the presence or absence of such a dispute, or by showing that an opposing party is unable to produce sufficient

---

[1] Roshone makes no allegation referencing the Doe defendant in any respect, and does not allege or offer evidence that the Doe defendant, whose employment capacity is not identified, played a role in any of the complained-of conduct underlying his claims.

Page 2 - OPINION AND ORDER

admissible evidence to establish the presence or absence of such a dispute. Fed. R. Civ. P. 56(c). The substantive law governing a claim or defense determines whether a fact is material. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).

Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 1261 (1996). In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See, e.g., Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

## FACTUAL BACKGROUND

### I. The Parties

Plaintiff Roshone is an incarcerated prisoner housed at all material times at either the Eastern Oregon Correctional Institution ("EOCI") or the Snake River Correctional Institution ("SRCI").

Defendant Peters is the Director of the Oregon Department of Corrections. Defendant "SRCI Dental" is apparently intended to refer to an administrative department of SRCI. Defendant Mark Nooth is the Superintendent of SRCI. Defendant John Doe is an unidentified employee of EOCI or of SRCI employed in an unspecified capacity.

## II. Material Facts[2]

Roshone was housed at either EOCI or at SRCI at all times material to his claims. At both institutions, Roshone had available to him a three-level grievance procedure consistent with the regulations set forth in Chapter 292, Division 109 of the Oregon Administrative Rules.

Pursuant to the EOCI and SRCI grievance procedures and applicable Oregon Administrative Rules, "[i]f an inmate is unable to resolve an issue through informal communications, [the] inmate may seek resolution of the issue by submitting a written grievance using the department's approved inmate grievance form (CD 117)." OAR-291-109-0140(1)(a). Any such grievance "must include a complete description of the incident, action, or application of the rule being grieved, including date and approximate time," and should be accompanied by any referenced documents. OAR-291-109-0140(1)(b). Matters, actions, and incidents that an inmate may properly grieve are the "misapplication of any administrative directive or operational procedure," the "lack of an administrative directive or operational procedure," any "unprofessional behavior or action which may be directed toward an inmate by an employee or volunteer of [ODOC] or the Oregon Corrections Enterprises," any "oversight or error affecting an inmate," any "program failure as defined in . . . OAR-291-077-0020," except where such failure was caused by the inmate's misconduct, or the "loss or destruction of [the inmate's] property. . . ." OAR-291-109-0140(2). "An inmate grievance may request review of just one matter, action, or incident per inmate grievance form." OAR-291-109-0140(1)(d). Similarly, inmates are not permitted to grieve the actions of more than one ODOC employee through a single grievance

---

[2] Except where otherwise indicated, the following recitation constitutes my construal of the evidentiary record in light of the legal standard governing motions for summary judgment under Federal Civil Procedure Rule 56.

Page 4 - OPINION AND ORDER

form, but rather must file one grievance form per ODOC employee whose actions are the subject of the inmate's challenge. *See* OAR-291-109-0140(3)(e). In addition, inmates are not permitted to grieve any claim or issue "that the inmate is pursuing in pending litigation in state or federal courts." OAR-291-109-0140(3)(f). A grievance will not be processed unless it is received by the applicable grievance coordinator on form CD 117 "within 30 calendar days of the date of the incident giving rise to the grievance." OAR-291-109-0150(2).

Upon receipt of an inmate grievance, the applicable grievance coordinator is required to "assign the grievance a number and record its receipt in an inmate grievance log" and to "send a grievance receipt to the inmate." OAR-291-109-0160(1) and (1)(a). The grievance coordinator is then required to coordinate with the ODOC employee best suited to respond to the grievance, and to send the inmate's grievance to that person "for reply." OAR-291-109-0160(1)(b). The response must "be returned to the grievance coordinator for processing within 21 calendar days." OAR-291-109-0160(1)(c). Following such processing, the grievance coordinator is required to send the inmate copies of both the grievance and the response, and to retain copies for the grievance coordinator's files, all within "45 days from the date the grievance was received" by the grievance coordinator, "unless further investigation is necessary." OAR-291-109-0160(2). In the event the grievance coordinator fails to complete processing of the grievance within 45 days of its receipt, "the grievance coordinator will make an effort to notify the inmate of the status of the grievance." *Id.* "If the inmate does not receive a response within the allotted time frame, he/she may contact the grievance coordinator." *Id.*

"If at any time the grievance coordinator determines the inmate has pursued his/her grievance through state or federal courts, the grievance process will cease and the grievance will

Page 5 - OPINION AND ORDER

be returned to the inmate." OAR-291-109-0160(4). "A grievance that has been returned to [an] inmate by the grievance coordinator for procedural reasons cannot be appealed." OAR-291-109-0160(5).

An inmate may appeal the institutional response to the inmate's grievance by and through "the grievance appeal form (CD 117c)." OAR-291-109-0170(1)(a). Any such appeal "must be submitted to the grievance coordinator together with the original grievance, attachments, and staff response(s)." *Id.* The scope of the originally submitted grievance cannot be expanded on appeal, and the inmate is not permitted to add new information regarding the grieved incident on appeal, except where such information was unavailable to the inmate at the time the original grievance was filed. *See id.* Any such appeal must be received by the grievance coordinator "within 14 days from the date that the grievance response was sent to the inmate from the grievance coordinator." OAR-291-109-0170(1)(b). The grievance coordinator is required to send the appeal to the "functional unit manager," who is required to respond to the appeal "within 30 calendar days." *Id.* The grievance coordinator is then required to send the functional unit manager's appeal response to the inmate. *See* OAR-291-109-0170(2)(c).

In the event an inmate wishes to appeal the functional unit manager's decision regarding a grievance appeal, the inmate may do so "using the grievance appeal form (CD 117c)." OAR-291-109-0170(2)(a). Any such appeal "must be submitted to the grievance coordinator together with the original grievance, attachments, staff responses, and documentation related to the first grievance appeal." *Id.* The grievance coordinator must receive any such appeal "within 14 calendar days from the date that the first grievance appeal response was sent to the inmate from the grievance coordinator." OAR-291-109-0170(2)(c). As with the first appeal, appeal of

Page 6 - OPINION AND ORDER

the functional unit manager's response cannot expand the scope of the original grievance, and cannot adduce new information regarding the originally grieved incident, except where such information was unavailable to the inmate at the time the original grievance or first appeal was filed. *See* OAR-291-109-0170(2)(a). The grievance coordinator is required to forward any such appeal to "the Assistant Director having authority to review and resolve the issue." *Id.*

The applicable Assistant Director is required to respond to any such appeal from a functional unit manager's grievance appeal response "within 30 calendar days." OAR-291-109-0170(2)(c). "The Assistant Director's . . . decision on an inmate's grievance appeal is FINAL, and is not subject to further [administrative] review." OAR-291-109-0170(2)(d).

During the period of Roshone's incarceration, toothpaste has been available to him for purchase from the commissary of either EOCI or SRCI (as applicable). As an indigent prisoner, Roshone is and at all material times has been unable or unwilling to purchase toothpaste from the commissary. Roshone has requested that he be provided with toothpaste at no charge, and his institutions have denied those requests, instead providing him with baking soda (at no charge) for the purpose of brushing his teeth, and in the alternative advising him to brush his teeth with water alone.

In or around August 2012, Roshone requested dental care in connection with dental cavities that were causing him to experience pain symptoms. Roshone did not receive the requested care until approximately six months later.

Arising out of the foredescribed facts, Roshone alleges all defendants' liability under 42 U.S.C. § 1983 for the violation of his Eighth Amendment rights. By and through his first claim

Page 7 - OPINION AND ORDER

for relief, Roshone alleges that his Eighth Amendment rights were violated by defendants' refusal to supply him with toothpaste at no charge. By and through his second claim, Roshone alleges that his Eighth Amendment rights were violated by the approximately six-month delay in the provision of his requested dental care. By and through his third claim, Roshone alleges that his Eighth Amendment rights were violated by defendants' provision to him of baking soda for the purpose of brushing his teeth.

In support of his claims, Roshone filed as exhibits to his complaint (i) an undated letter apparently sent to him by dental surgeon Brad Roberston, D.D.S., in response to a letter Roshone had previously sent to Robertson, (ii) an original "Inmate Copy" of a grievance form CD 117 bearing the date December 4, 2012 (when Roshone was apparently housed at EOCI), purporting to grieve both SRCI's failure to provide him with toothpaste at no charge and his asserted inability (apparently at EOCI rather than at SRCI) to wash his hair, (iii) a one-page handwritten document bearing the date January 13, 2013, addressed to "Inspector General Leonard Williams" purporting to inquire regarding the status of the grievance purportedly submitted at EOCI on December 4, 2012, (iv) an original "Inmate Copy" of a grievance appeal form CD117c bearing the date January 14, 2013 (when Roshone was apparently housed at SRCI), purporting to appeal the denial of the grievance purportedly submitted at EOCI on December 4, 2012, and (v) an original "Inmate Copy" of a second grievance appeal form CD 117c dated March 23, 2013 (when Roshone was apparently housed at SRCI), likewise purporting to appeal the denial of the grievance purportedly submitted at EOCI on December 4, 2012.

The Roberston letter sets forth Roberston's opinion that "[t]he greatest benefit" of tooth-brushing "comes from the brush not the toothpaste," Roberston's advice that if Roshone were

Page 8 - OPINION AND ORDER

able to obtain toothpaste "that [would be] nice but not essential," Roberston's opinion that "[b]aking soda is abrasive" and that frequent brushing with baking soda "can wear [down tooth enamel] a little quicker" than brushing with water alone, Roberston's recommendation that Roshone brush with water alone "most of the time," and Robertson's opinions, apparently based on his "experience with corrections" as "the dentist at the Idaho maximum security prison on Pleasant Valley Road about 20 years ago" that delay in dental care at a prison is an expected result of the prison dentist's need to "prioritiz[e] care according to urgency," and that five months of delay for a relatively minor dental problem "is not as large an issue" as it would be for a more serious dental problem. The grievance form bearing the date December 4, 2012, and purportedly submitted by Roshone while he was housed at EOCI (but referencing "the dentist a[t] S.R.C.I." as well as that dentist's advice that he brush his teeth with water alone) does not bear any stamp or other indication that it was ever received by the grievance coordinator at EOCI (or any other institution). Similarly, the document addressed to Williams and the two grievance appeal forms bear no stamp or other indication that they were ever received by the grievance coordinator at SRCI (or any other institution).

In support of their motion for summary judgment, defendants offer evidence tending to establish that, although Roshone submitted fifteen grievances at EOCI and at SRCI during the two years preceding the date this lawsuit was filed, the grievance form, grievance appeal forms, and related letter filed as exhibits to Roshone's complaint were not among them. In opposition to defendants' summary judgment motion, Roshone offers into the record copies of grievance forms that he has submitted at SRCI in connection with unrelated matters since the date this lawsuit was filed. Roshone offers these exhibits in purported support of his asserted position that the

Page 9 - OPINION AND ORDER

grievance coordinators at SRCI are "unreliable." Each of the grievances Roshone has placed into the record in connection with his opposition memorandum bears a stamp or other indication that it was received by the SRCI grievance coordinator and, further, a stamp or other indication that the grievance was either accepted or denied (together with an explanation of the grievance coordinator's decision either to accept or deny the grievance).

## ANALYSIS

Defendants move for summary judgment as to each of Roshone's three claims on the grounds that Roshone has failed to exhaust all administrative remedies available to him through the Division 109 grievance procedure before bringing this civil action, and in the alternative on the grounds that Roshone has made no allegation and offered no evidence to suggest that any of the named individual defendants (or fictitiously named defendant Doe) had any personal involvement in the alleged deprivations of Roshone's constitutional rights and that "SRCI Dental" is neither a cognizable entity nor, if it were a cognizable administrative division of SRCI, amenable to suit under Section 1983. Roshone offers argument in opposition to each of defendants' theories of summary judgment.

As a preliminary matter, I note that all identified, cognizable parties have consented to U.S. Magistrate jurisdiction in this matter. SRCI Dental and the Doe defendant have not, however, filed such consent. Nevertheless, because those parties have not been served with process,[3] they are not properly before the court in connection with Roshone's claims, and in consequence I find that I have all parties' consent to U.S. Magistrate jurisdiction for purposes of

---

[3] Defendants Nooth and Peters have, by and through their counsel, waived Roshone's obligation to serve them with process in this action. Their counsel expressly declined to waive service on behalf of either SRCI Dental or John Doe.

Page 10 - OPINION AND ORDER

Federal Civil Procedure Rule 73.

Because, for the reasons set forth below, I find that Roshone's first and third Eighth Amendment claims (respectively premised on SRCI's failure to provide him with toothpaste free of charge and provision to him of baking soda for the purpose of brushing his teeth) are subject to *sua sponte* dismissal by the court as to all defendants (including SRCI Dental and Doe) for failure to state a claim upon which relief can be granted, and because Roshone's remaining Eighth Amendment claim (premised on the delay in SRCI's provision of dental care) is subject to dismissal under the Prison Litigation Reform Act as to all defendants (including SRCI Dental and Doe) for failure to exhaust administrative remedies, I do not address defendants' remaining arguments herein.

I.   *Sua Sponte* **Dismissal of Claims Premised on Failure to Provide Toothpaste Free of Charge and on Provision of Baking Soda for Toothbrushing Purposes**

In connection with *in forma pauperis* actions such as this, the district courts are obliged to dismiss *sua sponte* actions failing to state a claim upon which relief can be granted:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \*
>
> (B)   the action . . .
>
> (i)   is frivolous or malicious; [or]
>
> (ii)   fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve the "wanton and unnecessary infliction of pain." *Rhodes v. Chapman*,

452 U.S. 337, 347 (1981). As the Ninth Circuit has observed, "[t]he Eighth Amendment is not a basis for broad prison reform. It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), *citing Rhodes*, 452 U.S. at 349. "Rather, the Eighth Amendment proscribes the 'unnecessary and wanton infliction of pain,' which includes those sanctions that are 'so totally without penological justification that it results in the gratuitous infliction of suffering.' *Id.*, *quoting Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976), *and citing Rhodes*, 452 U.S. at 346-347. Indeed, "[a]n institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Id.*, *quoting Wright v. Rushen*, 642 F.2d 1129, 1132-1133 (9th Cir. 1981). In evaluating an Eighth Amendment claim based on conditions of confinement, a court must look at each alleged condition individually rather than at the totality of conditions. *See id.* at 1246-1247.

Here, notwithstanding his concessions that he is regularly able to brush his teeth with a toothbrush and water and that his dentists have advised him that toothbrushing with water alone is hygienically adequate, Roshone argues that the defendants have deprived him of his constitutional right to freedom from cruel and unusual punishment by failing to provide him with toothpaste free of charge and by providing him with baking soda (at no cost) for the purpose of brushing his teeth. However, it is clear under the jurisprudence discussed above that SRCI lacks any Eighth Amendment obligation either to provide prisoners with toothpaste at no charge or to refrain from providing them with baking soda for personal-hygiene purposes. In consequence, the court is required under Section 1915(e)(2) to dismiss Roshone's first and third Eighth Amendment claims (respectively premised on failure to provide free toothpaste and on provision

Page 12 - OPINION AND ORDER

of baking soda in lieu of toothpaste) as to all defendants (including SRCI Dental and Doe).[4]

## II. The Prison Litigation Reform Act

Under the Prison Litigation Reform Act ("PLRA"), incarcerated plaintiffs are required to exhaust all administrative remedies available to them within the institutions in which they are housed before bringing any federal action in connection with prison conditions, including such actions brought under 42 U.S.C. § 1983:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, actions brought with respect to "prison conditions" include all actions brought to challenge isolated episodes of unconstitutional or otherwise unlawful misconduct of any kind as well as prisoner petitions challenging conditions of confinement. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Under the PLRA, the courts lack discretion to consider claims challenging prison conditions, including claims for money damages, except where such claims are filed following complete exhaustion of available administrative remedies, without regard to the nature of the administrative remedies available under such administrative grievance procedures. *See id.* at 524, *citing Booth v. Churner*, 532 U.S. 731, 739, 740 n. 5, 741 (2001).

---

[4] In an unpublished disposition, the Ninth Circuit has had occasion to consider an Eighth Amendment claim brought by an incarcerated prisoner who "was denied bar soap, deodorant, toothpaste, skin lotion, new razors and daily showers." *Acuna v. Rowland*, Case no. 93-15302, 1994 U.S. App. LEXIS 10453, *3 (9th Cir. April 20, 1994) (unpublished disposition). The *Acuna* court summarily found that such denial of personal hygiene products and opportunities did not constitute a constitutional deprivation. *See id.* at *3-4. Although the *Acuna* disposition is not controlling precedent, its reasoning is entirely consistent with my disposition of Roshone's first and third claims for relief, and with the rationale therefor.

Page 13 - OPINION AND ORDER

Inmates are not required to plead or demonstrate exhaustion before bringing prison-conditions lawsuits. *Jones v. Bock*, 549 U.S. 199, 216 (2007). To the contrary, an incarcerated plaintiff's failure to satisfy the PLRA exhaustion requirement is an affirmative defense that is the burden of the defendant in a prison-conditions lawsuit to raise and prove. *See id.* Following the Ninth Circuit's *en banc* decision in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), the courts of the Ninth Circuit treat challenges to a prisoner's exhaustion of administrative remedies as motions for summary judgment if premised on proffered evidence, and as motions to dismiss for failure to state a claim if premised on the incarcerated plaintiff's pleading alone. *Albino*, 747 F.3d at 1166. Here, defendants have properly brought their evidence-based challenge to Roshone's exhaustion of administrative remedies as a motion for summary judgment.

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* However, "[i]f material facts are disputed, summary judgment should be denied, and [following such denial] the district judge rather than a jury should determine the facts." *Id.* The *Albino* court specified that the court should act as the finder of fact in connection with an exhaustion challenge "in a preliminary proceeding," *id.* at 1168, "if feasible, before reaching the merits of a prisoner's claim," *id.* at 1170. Such preliminary proceeding is to be conducted "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," *id.*, which is to say via a plenary evidentiary hearing to be conducted in a manner within the discretion of the court, *see, e.g., Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285, 1285 n. 2 (9th Cir. Cal. 1977).

The PLRA exhaustion requirement is applicable to all persons who are incarcerated at the

Page 14 - OPINION AND ORDER

time they file their civil actions, without regard to whether they may subsequently be released from custody prior to resolution of their claims. *See Cox v. Mayer*, 332 F.3d 422, 424-428 (6th Cir. 2003); *see also Talamantes v. Leyva*, 575 F.3d 1021, 1023-1024 (9th Cir. 2009). For purposes of the PLRA, "complete exhaustion" of available administrative remedies requires that an inmate "complete the administrative review process in accordance with [all] applicable procedural rules, including deadlines. . . ." *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009), *quoting Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Here, Roshone offers evidence which, if accepted at face value, could be construed as tending to suggest that Roshone attempted to exhaust administrative remedies in connection with his first Eighth Amendment claim (premised on defendants' failure to provide him with toothpaste free of charge) only. Roshone has offered no evidence tending to suggest that he ever made any effort to avail himself of administrative remedies in connection with either his second Eighth Amendment claim (premised on delay in provision of dental care) or his third Eighth Amendment claim (premised on defendants' provision to him of baking soda at no charge). It is therefore clear that this court lacks discretion to consider the merits of Roshone's second or third Eighth Amendment claims as alleged against any defendant (including SRCI Dental and Doe).

I note the presence of indicia in the evidentiary record tending to suggest that Roshone has likewise failed to exhaust administrative remedies even in connection with his first Eighth Amendment claim (premised on defendants' failure to provide him with toothpaste at no charge): notwithstanding Roshone's testimony that he "wrote" the grievance form on December 4, 2012, and "wrote" the grievance appeal forms respectively on January 14, 2013, and March 4, 2013, he does not provide affirmative testimony that he actually submitted any of the forms to the SRCI

grievance coordinator or to any other appropriate party; defendants have offered competent evidence suggesting that the grievance form dated December 4, 2012, the grievance appeal form and related letter dated January 13 and 14, 2013, and the grievance appeal form dated March 23, 2013, were never properly submitted to the grievance coordinator at either SRCI or EOCI; the forms upon which Roshone relies for exhaustion purposes lack the stamps and other indications of receipt and processing that appear on all other grievance forms and grievance appeal forms offered into evidence by Roshone; and it appears probable that the grievance form dated December 4, 2012, even if properly submitted, would be inadequate to satisfy the Division 109 grievance procedure requirements in that the form arguably states two separate and discrete grievances in violation of OAR-291-109-0140(1)(d). However, because I have already found that Roshone's first Eighth Amendment claim is subject to *sua sponte* dismissal for failure to state a claim, I need not determine whether his purported grievance form dated December 4, 2012, passes muster under Rule 140(1)(d), and need not conduct an evidentiary hearing to determine whether the grievance and grievance appeal forms were properly submitted.

## CONCLUSION

For the reasons set forth above, Roshone's first and third Eighth Amendment claims are dismissed *sua sponte* for failure to state a claim upon which relief can be granted, defendants' motion (#49) for summary judgment is in consequence denied as moot to the extent it addresses

///

///

///

///

Roshone's first and third claims, and defendants' motion is granted to the extent it addresses Roshone's second Eighth Amendment claim. A final judgment shall be prepared.

Dated this 12th day of September, 2014.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge